FILED: NEW YORK COUNTY CLERK 08/27/2018 04:10 PM
NYSCEF DOC. NO. 1

INDEX NO. 157960/2018
RECEIVED NYSCEF: 08/27/2018

SUPREME COURT OF THE STATE OF NEWYORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

NATHANIEL PARRIS,

Plaintiff(s),

**VERIFIED**

**COMPLAINT**

-against-

Index No: 157960/18

Venue based on
Defendant's Residence

Jury Trial Demanded

NEW YORK CITY HOUSING AUTHORITY,
and, DARRELL LAVAL.

Defendant(s).
------------------------------------------------------------------X

Plaintiff(s), **NATHANIEL PARRIS**, by his attorneys, **FLORESTAL LAW FIRM, PLLC**, as and for his Complaint against the above Defendants, respectfully alleges on knowledge as to himself and his actions, and on information and belief as to all other matters, the following:

## INTRODUCTION

This is an action brought for retaliation pursuant to the federal False Claims Act, as codified under 31 U.S.C. §3729 *et seq.*, the New York False Claims Act, N.Y. State Fin. Law §187, *et seq.*, 42 U.S.C. §1983, deprivation of rights, privileges, immunities under color of law, including *Monell*, breach of contract, Defamation/Defamation per se, and negligent infliction of emotional distress.

## VENUE AND JURISDICTION

1. The basis of venue is the county in which New York City Housing Authority's ("NYCHA" or collectively "Defendants") principal office is located, New York County, State of New York.

FILED: NEW YORK COUNTY CLERK 08/27/2018 04:10 PM
NYSCEF DOC. NO. 1

INDEX NO. 157960/2018
RECEIVED NYSCEF: 08/27/2018

2. Jurisdiction is proper under Article 3 of the CPLR.

3. Prior to the commencement of this action a notice of claim in writing was timely served on Defendants in accordance with Sections 50-e and 50-i of the General Municipal Law.

4. In accordance with General Municipal Law 50-h, Plaintiff submitted to a municipal hearing on October 3, 2017.

5. This action is commenced within one (1) year and ninety (90) days from the occurrence of the incident herein, and Defendants have to date refused to make any adjustments and/or pay Plaintiff's claim.

6. All other conditions precedent have been met.

## PARTIES

7. NATHANIEL PARRIS ("Mr. Parris" or "Plaintiff") is a former Regional Asset Manager ("RAM") with NYCHA based in New York City, and is a resident of West Orange, NJ.

8. NYCHA is a New York State public benefit corporation providing public housing to over 400,000, New York City residents, and receives funds from New York State and the United States of America, maintaining its offices and principal place of business in the County of New York, City and State of New York.

9. DARRELL LAVAL, ("Mr. Laval", or collectively "Defendants") is the Director of Mixed Finance at NYCHA, and was Plaintiff's immediate supervisor.

## FACTUAL ALLEGATIONS

10. Mr. Parris began his career at NYCHA in March 1978. Through various Civil Service exams, hard work and dedication, Mr. Parris advanced his career to becoming a RAM in 2016.

11. In May 2016, Plaintiff complained to Sheila Huffman, Senior Advisor to the Senior Vice President of Operations Brian Clarke, about Mr. Laval yelling at him on the phone and

FILED: NEW YORK COUNTY CLERK 08/27/2018 04:10 PM

NYSCEF DOC. NO. 1

INDEX NO. 157960/2018

RECEIVED NYSCEF: 08/27/2018

disrespecting him in front of colleagues and subordinate staff. Mr. Laval retaliated against Plaintiff by holding back funding for developments under Plaintiff's management, thus negatively impacting Plaintiff's ability to do his job.

12. Mr. Laval's retaliation towards Plaintiff increased when Plaintiff cooperated with an investigation by The Inspector General's Office ("IG") for the misuse of government funds against Mr. Louis Rodriguez, a former property maintenance supervisor for the Manhattanville Houses, and close friend and staff member of Mr. Laval's.

13. Specifically, Plaintiff alleged to the IG's office that Mr. Louis Rodriguez failed to follow NYCHA's bidding process, and was illegally approving and paying out checks totaling approximately $200,000, and Plaintiff was facilitating the IG's investigation of this claim.

14. Since Plaintiff assisted with the IG investigation, Mr. Laval has stated to many subordinate staff that he was going "to get" Plaintiff. Mr. Laval mentioned to Plaintiff's peers that Plaintiff was a "problem employee" and a "trouble maker", and that he wanted to demote him in order to get him out of his department.

15. On, or about, May 4, 2017, Plaintiff filed a complaint with NYCHA against Mr. Laval, alleging retaliation.

16. On May 25, 2017, NYCHA brokered a confidential conciliation agreement between Plaintiff and Mr. Laval, whereby Plaintiff agreed to withdraw his complaint against Mr. Laval, provided Mr. Laval commits to, *inter alia*, do the following: a.) not retaliate against Plaintiff for filing the complaint; b.) consult with Plaintiff regarding transferring his staff; and more importantly c.) communication and respect was agreed to by the parties.

FILED: NEW YORK COUNTY CLERK 08/27/2018 04:10 PM

NYSCEF DOC. NO. 1

INDEX NO. 157960/2018

RECEIVED NYSCEF: 08/27/2018

17. Soon after the signing of the conciliation agreement, Mr. Laval violated its provisions by, *inter alia*: 1 - transferring staff without consulting Plaintiff; 2 - failed to provide necessary staff for HUD inspections, as requested by Plaintiff; 3 - issued 2 negative counseling memos regarding incidents alleged to have occurred prior to the conciliation agreement which was already addressed by said agreement; 4 – failed to communicate disagreements between the parties while secretly soliciting complaints about Plaintiff from subordinates who would invariable call Plaintiff to inform him that Mr. Laval called him a "trouble maker" and was inquiring about negative infractions about him in order to retaliate against him.

18. In June 2016, Mr. Laval denied Plaintiff a promotion to Director for which he was qualified. Moreover, Mr. Laval has stated to another Director to not allow Plaintiff a promotional transfer to his department because he was a "trouble maker".

19. Mr. Laval constantly undermines Plaintiff's authority with his subordinate staff by overriding and/or overturning Plaintiff's decisions. Also, Mr. Laval has passed on confidential information to a staff member who was the subject of an IG investigation that Plaintiff was assisting with, which created a negative environment between Plaintiff and this staff.

20. On multiple occasions, subordinate staff members have informed Plaintiff that Mr. Laval said to them that he doesn't like Plaintiff and is going to get him because Plaintiff is a "trouble maker".

21. NYCHA has not intervened, supervised, or inquired about whether both parties are abiding by the terms of the conciliation agreement that they have brokered, even though

FILED: NEW YORK COUNTY CLERK 08/27/2018 04:10 PM
NYSCEF DOC. NO. 1

INDEX NO. 157960/2018
RECEIVED NYSCEF: 08/27/2018

they are in the best position to enforce the agreement's provisions and/or oversee its execution.

22. Mr. Laval has intentionally delayed approving requests for various key needs for Plaintiff's department, which impacts the services to all residents and creates a negative impact on Plaintiff's ability to effectuate his job responsibilities, thus setting Plaintiff up for a negative evaluation.

23. Plaintiff has complained to NYCHA's Department of Equal Opportunity ("DEO") about Mr. Laval's violation of the conciliation agreement, but DEO has refused to intervened and/or monitor the progress of the agreement.

24. Plaintiff was under a great deal of stress of losing his job during this time period, and was worried about the impact that negative write-ups would have on his pension, and had to visit the doctor on 5 different occasions for stress related issues.

25. Plaintiff suffers from diabetes, thus the added stress was more detrimental to his well-being.

26. On September 2, 2017, Plaintiff was forced to resign from his position after 39 years with NYCHA, due to the fact that the stress was putting his health, and life, in jeopardy.

## AS AND FOR A FIRST CAUSE OF ACTION
(Retaliation under the Federal False Claims Act)

27. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

28. By virtue of the acts described above, Defendants retaliated against Plaintiff for assisting in the investigation of false, or fraudulent claims for payment from funds from the United States Government.

## AS AND FOR A SECOND CAUSE OF ACTION

FILED: NEW YORK COUNTY CLERK 08/27/2018 04:10 PM
NYSCEF DOC. NO. 1

INDEX NO. 157960/2018
RECEIVED NYSCEF: 08/27/2018

(Retaliation under the New York False Claims Act)

29. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

30. By virtue of the acts described above, Defendants retaliated against Plaintiff for assisting in the investigation of false, or fraudulent claims for payment from funds from the State of New York.

## AS AND FOR A THIRD CAUSE OF ACTION

(Negligent Hire, Retention, and Supervision of employees – *Monell*)

31. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

32. NYCHA failed to train, and/or supervise Mr. Laval to assure the proper execution of an agreement between the parties that they brokered, and was indifferent as to whether the Mr. Laval abided by the agreement even after they became aware of its violation.

## AS AND FOR A FOURTH CAUSE OF ACTION

(Violation of 42 U.S.C. §1983)

33. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

34. At all times pertinent the Mr. Laval in his individual capacity was acting under color of state law and is thus, personally liable for Plaintiff's damages.

## AS AND FOR A FIFTH CAUSE OF ACTION

(Breach of Contract)

35. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

FILED: NEW YORK COUNTY CLERK 08/27/2018 04:10 PM
NYSCEF DOC. NO. 1

INDEX NO. 157960/2018
RECEIVED NYSCEF: 08/27/2018

36. Mr. Laval breached the binding conciliation agreement by not performing, resulting in Plaintiff having to be hospitalized for stress, elevated blood sugar, and constructive discharge.

## AS AND FOR A SIXTH CAUSE OF ACTION

(Defamation/Defamation per/se)

37. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

38. Mr. Laval maliciously slandered Plaintiff's name by making false statements about him being a "trouble maker", putting into question his professionalism, which prevented other Directors from NYCHA from allowing Plaintiff to transfer into their department.

## AS AND FOR A SEVENTH CAUSE OF ACTION

(Negligent Infliction of Emotional Distress)

39. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

40. NYCHA owed a duty to Plaintiff as an employer, and broker of the conciliation agreement, to make sure that the agreement was being abided by.

41. NYCHA breached its duty by failing to supervise, and being indifferent to the execution of the provisions of the agreement, thereby causing Plaintiff to suffer harm.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff demand judgment against the Defendants as follows:

- Awarding compensatory and emotional damages to Plaintiff for the injuries he sustained in an amount to be determined by a jury, plus interest;

- Awarding punitive and exemplary damages in an amount to be determined by a jury;

FILED: NEW YORK COUNTY CLERK 08/27/2018 04:10 PM

NYSCEF DOC. NO. 1

INDEX NO. 157960/2018

RECEIVED NYSCEF: 08/27/2018

- Awarding litigation costs and disbursements to Plaintiff, including but not limited to, reasonable attorney's fees in this action; and

- Such other and further relief as this Court may deem just and proper.

Dated: August 27, 2018
New York, NY

FLORESTAL LAW FIRM, PLLC
Attorneys for Plaintiff

By:s/ _____

Marcel Florestal, Esq.
48 Wall Street, Suite 11
New York, NY 10005
Tel: (212) 918-4416
Fax: (646) 417-7777
marcel@florestallaw.com

FILED: NEW YORK COUNTY CLERK 08/27/2018 04:10 PM

NYSCEF DOC. NO. 1

INDEX NO. 157960/2018
RECEIVED NYSCEF: 08/27/2018

SUPREME COURT OF THE STATE OF NEWYORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

NATHANIEL PARRIS,

                         Plaintiff(s),                                    **VERIFIED**

                                                                          **COMPLAINT**

                         -against-                                        Index No: 157960/18

                                                                          **Venue based on
                                                                          Defendant's Residence**

NEW YORK CITY HOUSING AUTHORITY,                                          **Jury Trial Demanded**
and, DARRELL LAVAL.

                         Defendant(s).
------------------------------------------------------------------X

MARCEL FLORESTAL, an attorney at law, duly admitted to practice in the courts of

the state of New York, affirms under the penalties of perjury that;

I am the attorney for the Plaintiff in the above entitled matter. I have read the foregoing

Summons and Complaint and knows the contents thereof, and upon information and belief,

affiant believes the matters therein to be true.

The reason this Verification is made by affiant and not by Plaintiff is that the Plaintiff

herein reside in a county other than the one in which Plaintiff's attorney maintains their office.

The source of affiant's information and the grounds of his belief are communications

with Plaintiff, papers, reports, and investigations, contained in the file.

s/Marcel Florestal
MARCEL FLORESTAL