UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF NEW YORK
-------------------------------------------------------------------X
**NATHANIEL PARRIS,**

                **Plaintiff(s),**                **AMENDED COMPLAINT**

                **-against-**                **Index No: 18-CV-08299-VM**

**NEW YORK CITY HOUSING AUTHORITY,**    **Jury Trial Demanded**
**and, DARRELL LAVAL.**
                **Defendant(s).**
-------------------------------------------------------------------X

Plaintiff(s), **NATHANIEL PARRIS**, by his attorneys, **FLORESTAL LAW FIRM, PLLC**, as and for his Complaint against the above Defendants, respectfully alleges on knowledge as to himself and his actions, and on information and belief as to all other matters, the following:

## INTRODUCTION

This is an action brought for retaliation pursuant to the Federal False Claims Act, as codified under 31 U.S.C. §3730 *et seq.*, the New York False Claims Act, N.Y. State Fin. Law §187, *et seq.*, negligent hire retention and supervision, breach of contract, and Defamation/Defamation *per se*.

## VENUE AND JURISDICTION

1. The basis of venue is the county in which New York City Housing Authority's ("NYCHA" or collectively "Defendants") principal office is located, New York County, State of New York.

2. Prior to the commencement of this action a notice of claim in writing was timely served on Defendants in accordance with Sections 50-e and 50-i of the General Municipal Law.

3. In accordance with General Municipal Law 50-h, Plaintiff submitted to a municipal hearing on October 3, 2017.

4. This action is commenced within one (1) year and ninety (90) days from the occurrence of the incident herein, and Defendants have to date refused to make any adjustment or pay Plaintiff's claim.

5. All other conditions precedent have been met.

## PARTIES

6. NATHANIEL PARRIS ("Mr. Parris" or "Plaintiff") is a former Regional Asset Manager ("RAM") with NYCHA based in New York City, and is a resident of West Orange, NJ.

7. NYCHA is a New York State public benefit corporation providing public housing to over 400,000, New York City residents, and receives funds from New York State and the United States of America, maintaining its office and principal place of business in the County of New York, City and State of New York.

8. DARRELL LAVAL, ("Mr. Laval", or collectively "Defendants") is the Director of Mixed Finance at NYCHA, and was Plaintiff's immediate supervisor.

## FACTUAL ALLEGATIONS

9. Mr. Parris began his career at NYCHA in March 1978. Through various Civil Service exams, hard work and dedication, Mr. Parris advanced his career to becoming a RAM in 2016.

11. In May 2016, Plaintiff complained to Sheila Huffman, Senior Advisor to the Senior Vice President of Operations Brian Clarke, about Mr. Laval yelling at him on the phone and disrespecting him in front of colleagues and subordinate staff. Mr. Laval retaliated

against Plaintiff by holding back funding for developments under Plaintiff's management, thus negatively impacting Plaintiff's ability to do his job.

12. Moreover, in June 2016, Mr. Laval denied Plaintiff a promotion to Director for which he was qualified.

13. Mr. Laval's retaliation towards Plaintiff increased when Plaintiff cooperated with an investigation by The Inspector General's Office ("IG") for the misuse of government funds against Mr. Louis Rodriguez, a former property maintenance supervisor of the Manhattanville Houses and close friend of Mr. Laval's.

14. Specifically, Plaintiff alleged to the IG's office that Mr. Louis Rodriguez failed to follow NYCHA's bidding process, and was illegally approving and paying out checks totaling approximately $200,000, and Plaintiff was facilitating the IG's investigation of this claim.

15. Since Plaintiff assisted with the IG investigation, in, or about, March 2017, Mr. Laval stated to many staff members that he was going "to get" Plaintiff.  Mr. Laval mentioned to Plaintiff's peers that Plaintiff was a "problem employee" and a "trouble maker", and that he wanted to demote him in order to get him out of his department.  Moreover, Mr. Laval has prevented Plaintiff from getting a promotional transfer by stating to another Director who was going to allow Plaintiff to transfer into his department, to not allow the promotional transfer because Plaintiff was a "trouble maker".

16. On May 5, 2017, Plaintiff filed a complaint with NYCHA against Mr. Laval, alleging retaliation.

17. On May 25, 2017, NYCHA brokered a confidential conciliation agreement between

Plaintiff and Mr. Laval, whereby Plaintiff agreed to withdraw his complaint against Mr. Laval, provided Mr. Laval commits to, *inter alia*, do the following: a.) not retaliate against Plaintiff for filing the complaint; b.) consult with Plaintiff regarding transferring his staff; and more importantly c.) communication and respect was agreed to by the parties.

18. Soon after the signing of the conciliation agreement, in, or about, June 2017, Mr. Laval violated its provisions by, *inter alia*: 1 - transferring staff without consulting Plaintiff; 2 - failed to provide necessary staff for HUD inspections, as requested by Plaintiff; 3 - issued 2 negative counseling memos regarding incidents alleged to have occurred prior to the conciliation agreement which was already addressed by said agreement; 4 – failed to communicate disagreements between the parties while secretly soliciting complaints about Plaintiff from subordinates who would invariable call Plaintiff to inform him that Mr. Laval called him a "trouble maker" and was inquiring about negative infractions about him in order to retaliate against him.

19. Mr. Laval constantly undermined Plaintiff's authority with his staff by overriding and/or overturning Plaintiff's decisions.  Also, Mr. Laval has passed on confidential information to a staff member who was the subject of an IG investigation that Plaintiff was assisting with, which created a negative environment between Plaintiff and this staff.

20. On multiple occasions, staff members informed Plaintiff that Mr. Laval said to them that he doesn't like Plaintiff and is going to get him because Plaintiff is a "trouble maker".

21. NYCHA has not intervened, supervised, or inquired about whether both parties are abiding by the terms of the conciliation agreement that they have brokered, even though they are in the best position to police the agreement's provisions and oversee its

compliance.

22. Mr. Laval has intentionally delayed approving requests for various key needs for Plaintiff's department, which impacts the services to all residents and creates a negative impact on Plaintiff's ability to effectuate his job responsibilities, thus setting Plaintiff up for a negative evaluation.

23. Plaintiff has complained to NYCHA's Department of Equal Opportunity ("DEO") about Mr. Laval's violation of the conciliation agreement, but DEO has refused to intervene and/or monitor the progress of the agreement.

24. Plaintiff was under a great deal of stress of losing his job during this time period, and was worried about the impact that negative write-ups would have on his pension, and had to visit the doctor on 5 different occasions for stress related issues.

25. Plaintiff suffers from diabetes, thus the added stress was more detrimental to his well-being.

26. On September 2, 2017, Plaintiff was forced to resign from his position after 39 years with NYCHA, due to the fact that the stress was putting his health, and life, in jeopardy.

## AS AND FOR A FIRST CAUSE OF ACTION
(Retaliation under the Federal False Claims Act)

27. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

28. By virtue of the acts described above, Defendants retaliated against Plaintiff for assisting in the investigation of false, or fraudulent claims for payment from funds from the United States Government.

## AS AND FOR A SECOND CAUSE OF ACTION
(Retaliation under the New York False Claims Act)

29. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

30. By virtue of the acts described above, Defendants retaliated against Plaintiff for assisting in the investigation of false, or fraudulent claims for payment from funds from the State of New York.

## AS AND FOR A THIRD CAUSE OF ACTION

(Negligent Hire, Retention, and Supervision of employees)

31. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

32. NYCHA owed a duty to Plaintiff to properly train, hire and supervise its employees, but failed to do so, and/or was indifferent, resulting in Plaintiff suffering injury.

## AS AND FOR A FOURTH CAUSE OF ACTION

(Breach of Contract)

33. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

34. Mr. Laval blatantly breached the binding conciliation agreement between him and Plaintiff by not performing, resulting in Plaintiff having to be hospitalized for stress, elevated blood sugar, and constructive discharge.

## AS AND FOR A FIFTH CAUSE OF ACTION

(Defamation and Defamation *per se*)

35. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the Complaint with the same force and effect as if fully set forth herein at length.

36. Mr. Laval maliciously slandered Plaintiff's name by making false statements about him being a "trouble maker", putting into question his professionalism, which prevented other Directors from NYCHA from promoting him into their department.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff demand judgment against the Defendants as follows:

- Awarding compensatory and emotional damages to Plaintiff for the injuries he sustained in an amount to be determined by a jury, plus interest;

- Awarding punitive and exemplary damages in an amount to be determined by a jury;

- Awarding litigation costs and disbursements to Plaintiff, including but not limited to, reasonable attorney's fees in this action; and

- Such other and further relief as this Court may deem just and proper.


Dated: October 17, 2018
New York, NY

                                         FLORESTAL LAW FIRM, PLLC
                                         Attorneys for Plaintiff

                                         By:s/_____
                                            Marcel Florestal, Esq.
                                           48 Wall Street, Suite 11
                                           New York, NY 10005
                                           Tel: (212) 918-4416
                                           Fax: (646) 417-7777
                                           marcel@florestallaw.com

UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NATHANIEL PARRIS,

                        Plaintiff(s),                    **AMENDED**

                                                                  **VERIFICATION**

                       -against-                    Index No: 18-CV-08299-VM

NEW YORK CITY HOUSING AUTHORITY,
and, DARRELL LAVAL.
                       Defendant(s).
-----------------------------------------------------------------X

       I, **NATHANIEL PARRIS,** being duly sworn under oath, do hereby verify that I am the

Plaintiff in the above captioned action, I have read the allegations of the above Amended

Verified Complaint and I attest to the truth thereof.

                                                              _____
                                                               NATHANIEL PARRIS

Sworn to before me this
___ day of October 2018

_____
MARCEL FLORESTAL
NOTARY PUBLIC State of New York
Attorney & Counselor At Law, State of New York
No. 02FL6132498
Qualified in New York County
Commission Expires November 19, 20___