UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NATHANIEL PARRIS,                              :

                                        :       <u>ORDER</u>
                Plaintiff,                     18 Civ. 8299 (VM) (GWG)
                                        :

   -v.-

                                        :
NEW YORK CITY HOUSING AUTHORITY,
et al.,                                                                 :

              Defendants.        :
-------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      The parties have filed a joint letter addressing defendants' motion to compel plaintiff Nathaniel Parris to produce his 2019 Form 1040 tax return (Docket # 29). As an initial matter, we agree with Parris that he did not previously agree to produce this tax return. Rather he agreed only to produce his tax returns from 2017 to "present," and at the time he made this statement, the 2019 tax year had not even concluded. <u>See</u> <u>id.</u> at 2-3, *15.[1]

      As to the merits of the request, while tax returns are not inherently privileged, "courts are typically reluctant to compel their disclosure because of both the private nature of the sensitive information contained therein and the public interest in encouraging the filing by taxpayers of complete and accurate returns." <u>Rosas v. Alice's Tea Cup, LLC</u>, 127 F. Supp. 3d 4, 11 (S.D.N.Y. 2015) (quoting <u>Uto v. Job Site Servs. Inc.</u>, 269 F.R.D. 209, 212 (E.D.N.Y. 2010)). Accordingly, courts commonly apply a two-prong test before compelling the disclosure of tax returns. Under this test, production of tax information is warranted only where a court finds "(1) that the requested tax information is relevant to the subject matter of the action; and (2) that there is a compelling need for this information because the information contained therein is not otherwise readily obtainable." <u>Comprehensive Habilitation Servs., Inc. v. Com. Funding Corp.</u>, 240 F.R.D. 78, 84 (S.D.N.Y. 2006) (citations omitted); <u>accord</u> <u>Rosas</u>, 127 F. Supp. 3d at 11.

      Parris's tax return is relevant inasmuch as it would provide evidence on his reduction in income and his mitigation of damages. <u>See</u> <u>Michelman v. Ricoh Americas Corp.</u>, 2013 WL 664893, at *2 (E.D.N.Y. Feb. 22, 2013) ("tax returns are relevant to [plaintiff's] claim for backpay and to mitigation of damages"); <u>Carmody v. Vill. of Rockville Ctr.</u>, 2007 WL 2042807,

---

[1] "*_" indicates a page number assigned by the Court's ECF system.

at *2 (E.D.N.Y. July 13, 2007) (tax returns relevant to claim for lost earnings because they "will provide accurate information regarding [party's] income").

Regarding the "compelling need" prong, Parris notes that he is willing to provide any W-2 or 1099 Forms and argues that these forms provide all the information defendants need because "[i]ncome information from tax form 1040 is just a compilation of W-2s and 1099s" (Docket # 29 at 3). In fact, W-2 and 1099 forms may not disclose all information on income because a person may earn income without a W-2 or 1099 form being generated. See generally Gattegno v. Pricewaterhousecoopers, LLP, 205 F.R.D. 70, 74 (D. Conn. 2001) ("plaintiff's tax returns include more information than plaintiff's W–2 forms"). Because defendants are correct that Parris's tax return may provide critical additional information on income, the second prong of the test is met.

That being said, Parris's entire tax return is not necessary to show his income. Parris shall be permitted to redact from his tax return his filing status, any listing of dependents, entries referring to unearned income (such as Form 1040 Schedule B) and any itemized deductions that do not relate to earned income. If Parris seeks to redact any other information, he should discuss the matter first with defendants. If agreement cannot be reached, any further dispute may be brought to the Court's attention.

The redacted tax return shall be produced within 7 days unless the parties agree otherwise.

So Ordered.

Dated: August 14, 2020
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge